IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H. GROSSMAN,<br><br>   Plaintiff,<br><br>   v.<br><br>JP MORGAN CHASE, WELLS FARGO, NA; CHASE HOME FINANCE, LLC; WASHINGTON MUTUAL BANK, FA; CALIFORNIA RECONVEYANCE COMPANY; FINANCIAL TITLE COMPANY; and all persons unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to plaintiff's title or any cloud on Plaintiff's title thereto and DOES 1 through 100, inclusive,<br><br>   Defendants. | Case No. 12-3532 SC<br><br>ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A <u>TEMPORARY RESTRAINING ORDER</u> |

**I.   INTRODUCTION**

Plaintiff William H. Grossman ("Grossman" or "Plaintiff") brings this action in connection with the foreclosure of his property (the "Property") on June 28, 2011.  Now before the Court is Plaintiff's ex parte application for a temporary restraining order ("TRO") to cancel the allegedly invalid foreclosure sale and enjoin Defendants from selling the property or evicting Plaintiff.

ECF No. 3 ("TRO App."). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for determination without oral argument. For the reasons set forth below, the Court DENIES the Application.

## II.  BACKGROUND

Plaintiff purchased the Property, which is located in Alamo, California, in 1986. ECF No. 1 ("Compl.") at 5. In December 2007, Plaintiff took out a $1,220,000 loan from Defendant Washington Mutual Bank ("WaMu"), which was secured by the Property pursuant to a Deed of Trust. App. Ex. A. In October 2010, Defendant California Reconveyance Company, the trustee under the Deed of Trust, recorded a Notice of Trustee Sale, setting a sale date of November 16, 2010. App. Ex. B. According to the notice, the unpaid balance and other charges on Plaintiff's loan totaled $1,383,206.66. Id. The trustee sale was postponed but eventually took place on June 28, 2011. ECF No. 4 ("Grossman Decl.") ¶ 3.

Plaintiff filed the instant action in federal court on July 6, 2012, asserting causes of action for (1) quiet title; (2) fraudulent and wrongful foreclosure; (3) declaratory relief; (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (5) "injuction"; (6) cancellation of instruments; (7) unjust enrichment; (8) violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq.; (9) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; and (10) violation of California Civil Code section 2932.5. FAC at 12-22. On the same day, Plaintiff filed his Application for a TRO. The gravamen of the Complaint and the TRO application is that

Defendants lacked standing to conduct the foreclosure sale since none of them can demonstrate they were a holder in due course of the promissory note endorsed by WaMu in connection with Plaintiff's loan.  <u>See</u> TRO App. at 7-14; Compl. at 12.

There is no indication that Defendants have yet been served with process.

**III. <u>DISCUSSION</u>**

Under Federal Rule of Civil Procedure 65, a district court may issue a TRO without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  "[C]ourts have recognized very few circumstances justifying the issuance of an ex parte TRO." <u>Reno Air Racing Ass'n, Inc. v. McCord</u>, 452 F.3d 1126, 1131 (9th Cir. 2006).  An ex parte TRO may be appropriate "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing."  <u>Id.</u> (quoting <u>Am. Can Co. v. Mansukhani</u>, 742 F.2d 314, 322 (7th Cir. 1984).  Further, an ex parte order may be proper when "notice to the defendant would render fruitless the further prosecution of the action."  <u>Id.</u> (quoting <u>Am. Can Co.</u>, 742 F.2d at 322).

Here, Plaintiff has failed to establish a compelling reason for the Court to proceed ex parte.  Plaintiff's attorney has not certified that he has made an effort to give notice to Defendants.

3

There is no indication that providing notice to Defendants would be impossible or that such notice would frustrate the prosecution of this action. There is also no indication that immediate action is necessary to avoid irreparable harm. Plaintiff's property was sold through a foreclosure sale over one year ago and Plaintiff was notified of Defendant's intention to proceed with the sale about two years ago. Thus, Plaintiff has had ample time to apply for a preliminary injunction. Additionally, as the foreclosure sale has already taken place, it is unclear what harm would result if the Court were to wait to hear from Defendants on this matter. Even if Plaintiff has retained possession of the Property, he has offered no indication that an unlawful detainer action is pending against him or that Defendants have any plans to evict him in the immediate future.

**IV. CONCLUSION**

For the reasons set forth above, the Plaintiff William H. Grossman's Application for a Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

Dated: July 24, 2012

UNITED STATES DISTRICT JUDGE

4