IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H. GROSSMAN,        ) | Case No. 12-3532-SC |
|                             ) | |
|           Plaintiff,        ) | ORDER DISMISSING COMPLAINT |
|                             ) | |
|     v.                      ) | |
|                             ) | |
| JP MORGAN CHASE, et al.,    ) | |
|                             ) | |
|           Defendants.       ) | |
|                             ) | |

    On July 6, 2012, Plaintiff William H. Grossman ("Plaintiff") filed (1) a complaint challenging the purportedly wrongful foreclosure of his home and (2) an ex parte application for a temporary restraining order that would cancel the foreclosure and prevent his eviction from, or the sale of, his house. ECF No. 1 ("Compl."); ECF No. 3 ("TRO App."). Plaintiff attached his deed of trust and promissory note to the TRO application. On July 24, 2012, the Court denied Plaintiff's TRO application because he failed to establish a compelling need to proceed ex parte. ECF No. 12.

    Plaintiff originally named Wells Fargo Bank N.A. ("Wells") as a defendant in this case. See Compl. On August 7, 2012, Wells filed a motion to dismiss the complaint. ECF No. 13 ("Mot."). No other defendant joined Wells's motion. Plaintiff did not file an

opposition (or, as required by Civil Local Rule 7-3(b), a notice of nonopposition) and Wells did not file a reply. Then, on the eve of the motion hearing, Plaintiff voluntarily dismissed Wells. ECF No. 19. Wells is no longer a party to this action and no other defendant joined its motion. The motion to dismiss is therefore moot. Accordingly, the motion is DENIED.

The Court observes, however, that Wells's motion had merit. The complaint asserts ten causes of action, two of which are based on federal law. Compl. ¶¶ 47-55 (asserting claims based on the Truth in Lending Act ("TILA") and Real Estate Settlement Procedure Act ("RESPA")). The other eight causes of action are based on California state law, and rely on the Court's supplemental jurisdiction. See Compl. ¶¶ 2-3 (identifying TILA and RESPA claims as source of Court's original jurisdiction and invoking supplemental jurisdiction for the remainder of Plaintiff's claims). The Court concludes that Plaintiff's TILA and RESPA claims are time-barred and, in the absence of a viable federal claim, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1361(c)(3).

Though Plaintiff's complaint is conspicuously silent about numerous material facts, including the date that Plaintiff closed on his now-foreclosed loan, see Compl. at 5 (chronological statement of case which omits dates), the deed of trust and note submitted along with Plaintiff's TRO show that Plaintiff closed on his loan on December 7, 2007 -- more than four years before Plaintiff filed his complaint. TILA claims accrue on the date the loan transaction closes and have a statute of limitations of either one or three years, depending on the relief sought. See Patague v.

2

Wells Fargo Bank, N.A., C 10-03460 SBA, 2010 WL 4695480, at *2 (N.D. Cal. Nov. 8, 2010). Either way, Plaintiff's TILA claim is clearly time-barred. Plaintiff's RESPA claim is time-barred for the same reasons. See Compl. at 21 (bringing RESPA claim under 12 U.S.C. § 2605); Patague, 2010 WL 4695480, at *3 (explaining that § 2605 claims are subject to a three-year statute of limitations). Accordingly, the Court DISMISSES Plaintiff's TILA and RESPA claims sua sponte. See Shoop v. Deutsche Bank Nat. Trust Co., 465 F. App'x 646 (9th Cir. 2012) (upholding district court's dismissal of time-barred TILA claim where plaintiffs, unlike here, were not represented by counsel and were never given an opportunity to respond to a motion to dismiss). Lacking jurisdiction over Plaintiff's federal claims, the Court declines to assert supplemental jurisdiction over his state law claims.[1]

The instant case is hereby DISMISSED.

IT IS SO ORDERED.

Dated: November 14, 2012        _____
                                UNITED STATES DISTRICT JUDGE

---

[1] The complaint mentions 28 U.S.C. § 1334 as a possible basis for federal jurisdiction. That statute, however, confers federal jurisdiction over bankruptcy proceedings. As Plaintiff's counsel must be aware, this is not a bankruptcy proceeding. The Court notes, moreover, that the complaint is a lightly edited copy of a form pleading available on the Internet at www.scribd.com/doc/53663589/Verified-Rico-Complaint-Template. Plaintiff's counsel is reminded that, whatever the true authorship of the pleading he signed, Rule 11 holds him responsible for its contents and for conducting a reasonable inquiry into its factual and legal assertions. See Fed. R. Civ. P. 11(b).

3